UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATHAN A. HILL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE YAKIMA NATION, YAKIMA NATION TRIBAL GAMING GROUP,<br><br>    Defendants. | NO. CV-06-3004-RHW<br><br>**ORDER DISMISSING CASE AND DENYING DEFENDANTS REQUEST FOR ATTORNEY'S FEES** |

Before the Court is Plaintiff's Notice of Voluntarily Dismissal (Ct. Rec 17) and Defendants Motion to Dismiss Complaint and for Assessment of Fees and Costs for Filing Frivolous Action (Ct. Rec. 12). The motions were heard without oral argument.

Both Plaintiff and Defendant agree that the above-captioned complaint should be dismissed. The only thing left to resolve is whether the Court should grant Defendants request for attorney's fees.

An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court "claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of a new law[.]" Fed. R. Civ. P 11(b)(2). However, when Rule 11 sanctions are initiated by motion of a party, that motion must be separate "from other motions or requests" and must

**ORDER DISMISSING CASE AND DENYING DEFENDANTS REQUEST FOR ATTORNEY'S FEES ~ 1**

"describe the specific conduct alleged to violate" Rule 11(b). Fed. R. Civ. P 11(c)(1)(A). Additionally, the Rule's safe harbor provision requires parties filing such motions give the opposing party twenty-one (21) days to "withdraw or otherwise correct" the offending paper. *Id*. Courts enforce the safe harbor provision strictly. *See Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 788-89 (9th Cir. 2001) (*citing Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998)). Courts should not award sanctions when the challenging party fails to comply with the safe harbor provisions, even when the underlying filing is frivolous. *Barber*, 146 F.3d at 711.

Here, Defendants did not comply with Fed. R. Civ. P. 11(c) because the motion to dismiss and the motion for sanctions were not filed separately, and it does not appear that Defendants gave Plaintiffs the required twenty-one (21) days to withdraw or otherwise correct the offending paper.

Accordingly, **IT IS HEREBY ORDERED:**

1. The above-captioned case is **DISMISSED** with prejudice.

2. Defendants Motion to Dismiss Complaint (Ct. Rec. 12) is **DENIED** as moot.

3. Defendants Motion for Assessment of Fees and Costs for Filing Frivolous Action (Ct. Rec. 12) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 26th day of June, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2006\Hill\dismiss_order.wpd

**ORDER DISMISSING CASE AND DENYING DEFENDANTS REQUEST FOR ATTORNEY'S FEES ~ 2**